Ranalli Zaniel Fowler & Moran, LLC
David Zaniel, Esq. (SBN 7962)
50 West Liberty Street, Suite 1050
Reno, NV 89501
Telephone: (775) 786-4441
Facsimile: (775) 786-4442
E-mail:  dzaniel@ranallilaw.com

Resident Attorney for Plaintiff BrandStorm, Inc.

Daley & Heft, LLP
Attorneys at Law
Matthew E. Bennett, Esq. (SBN 203049)
Lee H. Roistacher, Esq. (SBN 179619)
Heather T. Daiza, Esq. (SBN 323272)
462 Stevens Avenue, Suite 201
Solana Beach, CA  92075
Telephone:  (858) 755-5666
Facsimile:  (858) 755-7870
E-mail:mbennett@daleyheft.com
        lroistacher@daleyheft.com
        hdaiza@daleyheft.com

Attorneys Pro Hac Vice for Plaintiff, BrandStorm, Inc.

FILED ____  ____ RECEIVED
ENTERED ____  ____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 0 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF NEVADA

| | |
|---|---|
| BRANDSTORM, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL STERILIZATION AND FUMIGATION, INC. a Nevada Corporation, BRYAN GARDNER, an individual, and DOES 1-10, Inclusive, <br><br> Defendants. | Case No.:   3:19-cv-00315 <br><br><br> **FIRST AMENDED JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be

1

1   warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

2   following Stipulated Protective Order. The parties acknowledge that this Order does not confer

3   blanket protections on all disclosures or responses to discovery and that the protection it

4   affords from public disclosure and use extends only to the limited information or items that are

5   entitled to confidential treatment under the applicable legal principles. The parties further

6   acknowledge, as set forth in paragraph 9.3, below, that this Stipulated Protective Order does

7   not entitle them to file confidential information under seal; Civil Local Rule LR IA 10-5

8   Sealed Documents sets forth the procedures that must be followed and the standards that will

9   be applied when a party seeks permission from the court to file material under seal.

10        The following Stipulated Protective Order shall govern the use and disclosure of the

11   documents and materials listed herein, and any other documents that are designated

12   "confidential" by the producing party.

13      2.    <u>DEFINITIONS</u>

14        "Confidential" information or items is defined as information (regardless of how it is

15   generated, stored or maintained) or tangible things that qualify for protection under Federal

16   Rule of Civil Procedure 26(c) and for which public disclosure is likely to result in

17   particularized harm, or is privileged under law, and/or violates privacy or official information

18   interests recognized by law, or is otherwise entitled to protection.

19        Other items may be included as Confidential for purposes of this order by agreement of

20   the parties or by court order on noticed motion. This information may include, but is not

21   limited to:

22           a.    Trade secret or intellectual property regarding to Global Sterilization

23                and Fumigation, Inc.'s H2O Express Pasteurization Process;

24           b.    Trade secret or intellectual property regarding BrandStorm, Inc.'s

25                corporate strategies from purchase of harvest to later sale in the

26                marketplace;

27           c.    Documents, videos, pictures, emails, correspondence, data, and

28                testimony;

2

1                d.       Trade secret or intellectual property of any third parties; and

2                e.       other sensitive corporate information.

3         Other items may be included as Confidential for purposes of this order by agreement of

4    the parties or by court order on noticed motion.

5         3.    <u>SCOPE</u>

6         3.1    The protections conferred by this Stipulation and Order cover not only

7    Confidential material (as defined above), but also (1) any information copied from

8    Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential

9    material that reveal the source of the Confidential material or that reveal specific information

10   entitled to confidentiality as a matter of law; and (3) any testimony, conversations, or

11   presentations by Parties or their Counsel that might reveal Confidential material. However, the

12   protections conferred by this Stipulation and Order do not cover the following information:

13   (a) any information that is in the public domain at the time of disclosure to a Receiving Party

14   or becomes part of the public domain after its disclosure to a Receiving Party as a result of

15   publication not involving a violation of this Order, including becoming part of the public

16   record through trial or otherwise; and (b) any information known to the Receiving Party prior

17   to the disclosure or obtained by the Receiving Party after the disclosure from a source who

18   obtained the information lawfully and under no obligation of confidentiality to the Designating

19   Party. Any use of Confidential material at trial shall be governed by a separate agreement or

20   order.

21        3.2    The documents, materials, and their contents may be used by the parties and

22   their counsel only in this litigation and may not be used in separate proceedings or actions at

23   this time or in the future without first being obtained through proper discovery procedures or

24   court orders in those separate proceedings or actions.

25        3.3    The documents and their contents may not be disclosed, copied, distributed,

26   shown, described, or read to any person or entity (including, but not limited to, media

27   representatives) by plaintiff or her counsel, representatives or agents, other than (a) the parties

28   to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation;

(c) the parties' expert consultants in this litigation for purposes of expert consultation and trial

testimony preparation; (d) court reporters and their staff, professional jury or trial consultants,

mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

litigation, and (e) the Court in this action, for purposes of this litigation.

3.4    Expert consultants must sign the "Acknowledgment and Agreement to be

Bound" (Exhibit A, page 1) an executed copy of which will be provided to the opposing

counsel within seven (7) days after formal disclosure of such consultants as expert witnesses in

this litigation.

3.5    Any individual who is shown Confidential material must sign the

"Acknowledgment and Agreement to be Bound" (Exhibit A, page 1), an executed copy of

which must be kept on file by the disclosing attorney's office, in the event a request by

opposing counsel is made, in response to which a copy must be provided to opposing counsel

within (7) days of such a request, including as to those individuals identified in paragraph 3.3

(d). This paragraph excludes materials shown to consultants on a confidential basis, however;

as to consultants or experts that are not formally disclosed, the signatories to this protective

order are agreeing, by signing below, to abide by this provision, which expressly requires that

any individual who is shown Confidential material must sign the "Acknowledgment and

Agreement to be Bound" (Exhibit A, page 1).

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each

Party or Non-Party that designates information or items for protection under this Order must

take care to limit any such designation to specific material that qualifies under the appropriate

standards. The Designating Party must designate for protection only those parts of material,

///

4

1   documents, items, or oral or written communications that qualify – so that other portions of the

2   material, documents, items, or communications for which protection is not warranted are not

3   swept unjustifiably within the ambit of this Order.

4        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

5   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

6   unnecessarily encumber or retard the case development process or to impose unnecessary

7   expenses and burdens on other parties) expose the Designating Party to sanctions.

8        If it comes to a Designating Party's attention that information or items that it

9   designated for protection do not qualify for protection, that Designating Party must promptly

10   notify all other Parties that it is withdrawing the mistaken designation.

11        5.2    Manner and Timing of Designations. Except as otherwise provided in this

12   Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies

13   for protection under this Order must be clearly so designated before the material is disclosed or

14   produced.

15        Designation in conformity with this Order requires:

16        (a)  for information in documentary form (e.g., paper or electronic documents, but

17   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

18   Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If

19   only a portion or portions of the material on a page qualifies for protection, the Producing

20   Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings

21   in the margins).  If only a portion or portions of the material on a page qualifies for protection,

22   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

23   appropriate markings in the margins).

24        (b)  for testimony given in deposition or in other pretrial or trial proceedings, that

25   the Designating Party identify on the record, before the close of the deposition, hearing, or

26   other proceeding, all protected testimony.

27   ///

28   ///

1    (c)  for information produced in some form other than documentary and for any

2    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

3    container or containers in which the information or item is stored the legend

4                    **STIPULATION FOR PROTECTIVE ORDER AND ORDER**

5    "CONFIDENTIAL." If only a portion or portions of the information or item warrant

6    protection, the Producing Party, to the extent practicable, shall identify the protected

7    portion(s).

8          5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

9    designate qualified information or items does not, standing alone, waive the Designating

10   Party's right to secure protection under this Order for such material. Upon timely correction of

11   a designation, the Receiving Party must make reasonable efforts to assure that the material is

12   treated in accordance with the provisions of this Order.

13        6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

14        6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

15   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

16   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

17   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

18   challenge a confidentiality designation by electing not to mount a challenge promptly after the

19   original designation is disclosed.

20        6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution

21   process by providing written notice of each designation it is challenging and describing the

22   basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the

23   written notice must recite that the challenge to confidentiality is being made in accordance

24   with this specific paragraph of the Protective Order. The parties shall attempt to resolve each

25   challenge in good faith and must begin the process by conferring directly (in voice to voice

26   dialogue; other forms of communication are not sufficient) within 14 days of the date of

27   service of notice. In conferring, the Challenging Party must explain the basis for its belief that

28   the confidentiality designation was not proper and must give the Designating Party an

1   opportunity to review the designated material, to reconsider the circumstances, and, if no

2   change in designation is offered, to explain the basis for the chosen designation. A

3   Challenging Party may proceed to the next stage of the challenge process only if it has

4   engaged in this meet and confer process first or establishes that the Designating Party is

5   unwilling to participate in the meet and confer process in a timely manner.

6       7.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8   Material to any person or in any circumstance not authorized under this Stipulated Protective

9   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

10  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

11  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

12  made of all the terms of this Order, and (d) request such person or persons to execute the

13  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, page 1.

14      8.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

15            PROTECTED MATERIAL

16  When a Producing Party gives notice to Receiving Parties that certain inadvertently

17  produced material is subject to a claim of privilege or other protection, the obligations of the

18  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

19  provision is not intended to modify whatever procedure may be established in an e-discovery

20  order that provides for production without prior privilege review. Pursuant to Federal Rule of

21  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of

22  a communication or information covered by the attorney-client privilege or work product

23  protection, the parties may incorporate their agreement in the stipulated protective order

24  submitted to the court.

25      9.    MISCELLANEOUS

26      9.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

27          seek its modification by the court in the future.

28  ///

9.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.3   Filing Confidential Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential material. A Party that seeks to file under seal any Confidential material must comply with Civil Local Rule LR IA 10-5. Confidential material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential material at issue. Pursuant to Civil Local Rule LR IA 10-5, a sealing order will issue only upon a request establishing that the Confidential material at issue is privileged, and/or violates privacy or official information interests recognized by law, or is otherwise entitled to protection under the law. If a Receiving Party's request to file Confidential material under seal pursuant to Civil Local Rule LR IA 10-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule LR IA 10-5 unless otherwise instructed by the court.

Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.2d 665, 677-78 (9th Cir. 2010).

10.   <u>RETURN OF CONFIDENTIAL MATERIAL</u>

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

1  including the time limits for filing any motions or applications for extension of time pursuant to

2  applicable law. Within 90 days after the final disposition of this action, upon written notification

3  served by Producing or Designating Party, each Receiving Party must return all Confidential

4  material to the Producing Party or destroy such material. As used in this subdivision, "all

5  Confidential material" includes all copies, abstracts, compilations, summaries, and any other

6  format reproducing or capturing any of the Confidential material. Whether the Confidential

7  material is returned or destroyed, the Receiving Party must submit a written certification to the

8  Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day

9  deadline that (1) identifies (by category, where appropriate) all the Confidential material that

10  was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

11  abstracts, compilations, summaries or any other format reproducing or capturing any of the

12  Confidential material.

13         11.    REMEDIES

14         Any party believing that this order is being violated may move for a court order of

15  enforcement. The motion shall be subject to all local rules governing motions concerning

16  discovery disputes, including but not limited to meet and confer requirements. Said motion may

17  be brought at any time up to final entry of judgment in this matter. The Court will not maintain

18  jurisdiction over any disputes arising from the protective order following entry of final

19  judgment.

20         12.    STATEMENT OF INFORMATION SUBJECT TO PROTECTIVE

21  ORDER

22         The parties state as follows:

23         (1)    The information eligible for a protective order in this case is:

24                a.    trade secrets regarding a party's sterilization process techniques not

25                      readily available in the market, a party's strategy regarding harvest

26                      production to sale in the marketplace, and a third party's harvesting

27                      process that would otherwise be privileged;

28                b.    intellectual property, if any;

9

1         c.  confidential information concerning the privacy of third parties and/or

2           their trade secrets to this lawsuit.

3      (2)  A particularized need exists as to these categories as follows:

4         a.  These records contain confidential and personal information;

5         b.  These records contain information that may constitute official

6           information and could risk the integrity and economic value of the

7           businesses if there is public dissemination of intellectual property or trade

8           secrets;

9         c.  These records contain information of third parties to this lawsuit that are

10          confidential and personal in nature.

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Case No.: 3:19-cv-00315

1       (3) A court order is needed to ensure the privacy and confidentiality of this

2      information is enforceable after the litigation has ended.

3    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4    Dated:  September 19, 2019     Daley & Heft, LLP

5

6               By: */s/ Lee H. Roistacher*
                Matthew E. Bennett,
7               mbennett@daleyheft.com
                Lee H. Roistacher,
8               lroistacher@daleyheft.com
                Heather T. Daiza,
9               hdaiza@daleyheft.com
                462 Stevens Avenue, Suite 201
10              Solana Beach, CA  92075
                Telephone:  (858) 755-5666
11              Facsimile:  (858) 755-7870
                Attorneys for Plaintiff
12              BrandStorm, Inc.

13

14   Dated: September 19, 2019     Castronova Law Offices, PC

15

16

17              By: */s/ Stephen G. Castronova*
18              Stephen G. Castronova, Esq. [SBN 7305]
                605 Forest Street
19              Reno, NV  89509
                Tel: (775) 323-2646
20              Fax: (775) 323-3181
                SGC@CastronovaLaw.com
21              Attorneys for Defendants Global Sterilization
22              and Fumigation and Bryan Gardner

23

24   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

25

26

27   DATED: **9/20/2019**                      
                  United States Magistrate Judge
28

                11

Re:   *Brandstorm Inc. v. Global Sterilization and Fumigation, Inc., et al.*
      USDC, Northern District Case No. 3:19-cv-00315

## EXHIBIT INDEX

| EXHIBIT DESCRIPTION | EXHIBIT NO. |
|---|---|
| Acknowledgment and Agreement to be Bound | A |

Case No.:  3:19-cv-00315

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1
2

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3        I, _____ [print or type full name], of _____

4  [print or type full address], declare under penalty of perjury that I have read in its entirety and

5  understand the Stipulated Protective Order that was issued by the United States District Court

6  for the Northern District of Nevada on [date] _____ in the case of

7  *BrandStorm, Inc. v. Global Sterilization and Fumigation, Inc.; Bryan Gardner; Does 1 through*

8  10, 3:19-cv-00315-MMD-CBC. I agree to comply with and to be bound by all the terms of this

9  Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10  expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11  not disclose in any manner any information or item that is subject to this Stipulated Protective

12  Order to any person or entity except in strict compliance with the provisions of this Order.

13        I further agree to submit to the jurisdiction of the United States District Court of Nevada,

14  Northern District of Nevada for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16        I hereby appoint _____ [print or type full name] of

17  _____ [print or type full address and telephone

18  number] as my California or Nevada agent for service of process in connection with this action

19  or any proceedings related to enforcement of this Stipulated Protective Order.

20        Date: _____

21        City and State where sworn and signed: _____

22        Printed name: _____

23        Signature: _____

24
25
26
27
28

Case No.: 3:19-cv-00315

**EXHIBIT A, PAGE 1**

1    Ranalli Zaniel Fowler & Moran, LLC
     David Zaniel, Esq. (SBN 7962)
2    50 West Liberty Street, Suite 1050
     Reno, NV 89501
3    Telephone: (775) 786-4441
     Facsimile: (775) 786-4442
4    E-mail:  dzaniel@ranallilaw.com

5    Resident Attorney for Plaintiff BrandStorm, Inc.

6    Daley & Heft, LLP
     Attorneys at Law
7    Matthew E. Bennett, Esq. (SBN 203049)
     Lee H. Roistacher, Esq. (SBN 179619)
8    Heather T. Daiza, Esq. (SBN 323272)
     462 Stevens Avenue, Suite 201
9    Solana Beach, CA  92075
     Telephone:  (858) 755-5666
10   Facsimile:  (858) 755-7870
     E-mail:mbennett@daleyheft.com
11            lroistacher@daleyheft.com
              hdaiza@daleyheft.com
12
     Attorneys Pro Hac Vice for Plaintiff, BrandStorm, Inc.
13
                    **UNITED STATES DISTRICT COURT**
14
                    **NORTHERN DISTRICT OF NEVADA**
15

16   BRANDSTORM, INC., a California          Case No.:    3:19-cv-00315
     Corporation,
17                                           **CERTIFICATE OF SERVICE**
                    Plaintiff,
18
          v.
19
     GLOBAL STERILIZATION AND
20   FUMIGATION, INC. a Nevada
     Corporation, BRYAN GARDNER, an
21   individual, and DOES 1-10, Inclusive,

22                  Defendants.

23        I, Heather Grady, declare:

24        1.      That I am and was at the time of service of the papers herein referred to, over the

25   age of 18 years, and not a party to the action; and I am employed in the County of San Diego,

26   California, in which county the within-mentioned mailing occurred.  My business address is 462

27   Stevens Avenue, Suite 201, Solana Beach, California 92075 and my electronic address is

28   hgrady@daleyheft.com.

                                            1

1       On September 19, 2019, I served the following documents described as:

2   **FIRST AMENDED JOINT MOTION AND STIPULATION FOR PROTECTIVE**
    **ORDER AND ORDER; AND EXHIBIT A**

3

4   on all interested parties in this action addressed as follows:

5   Castronova Law Offices, PC
    Stephen G. Castronova, Esq.
    605 Forest Street

6   Reno, NV  89509
    T:  (775) 323-2646

7   F:  (775) 323-3181
    E:  sgc@castronovalaw.com

8   Attorneys for Defendants, Global Sterilization and Fumigation, Inc. and Bryan Gardner

9

10      X       BY ELECTRONIC SERVICE:  On the date stated above, I served the documents
                via CM/ECF described above on designated recipients through electronic
                transmission of said documents; a certified receipt is issued to filing party

11              acknowledging receipt by CM/ECF's system. Once CM/ECF has served all
                designated recipients, proof of electronic service is returned to the filing party.

12

13              BY FACSIMILE:  By use of a facsimile machine, telephone number (858) 755-
                7870, at approximately _____ a.m./p.m. on _____, I served a copy of the

14              documents described above on all designated recipients.  The facsimile machine I
                used complied with California Rules of Court, Rule 2033(3)      and no error

15              was reported by the machine.

16              BY E-MAIL:  On the date stated above, I caused to be served the document via
                Email described above on designated recipients.

17

18              BY MAIL:  By placing an envelope for collection and mailing following our
                ordinary business practices. I am readily familiar with the office's practice of
                collecting and processing of documents for mailing. Under that practice it would

19              be deposited with the United States Postal Service on the same day in a sealed
                envelope with first-class postage prepaid at Solana Beach, California in the

20              ordinary course of a business day.

21              BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or
                package provided by an overnight delivery carrier and addressed to the persons at

22              the addresses above. I placed the envelope or package for collection and overnight
                delivery at an office or a regularly utilized drop box of the overnight delivery

23              carrier.

24      ///

25      ///

26      ///

27      ///

28      ///

                                        2
                                              Case No.:   3:19-cv-00315

1    I declare under penalty of perjury under the laws of the United States of America that

2    the foregoing is true and correct.

3

4    Executed on this 19th day of September, 2019.

5                                                          _____

6                                                          Heather Grady, declarant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28