UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDSTORM, INC., <br><br>Plaintiff, <br>v. <br><br>GLOBAL STERILIZATION AND FUMIGATION, INC., *et al.* <br><br>Defendants. | Case No. 3:19-cv-00315-MMD-CLB <br><br>ORDER |

**I.  SUMMARY**

Defendant Global Sterilization and Fumigation, Inc. ("Global") agreed to pasteurize Plaintiff Brandstorm, Inc.'s chia and hull hemp seeds but allegedly damaged the seeds in the process. Plaintiff later filed this action against Defendants Global and its CEO Bryan Gardner. Before the Court is Defendants' motion to dismiss ("Motion").[1] (ECF No. 20.) For the reasons explained below, the Court will grant in part and deny in part the Motion.

**II.  BACKGROUND**

The following facts are adapted from the First Amended Complaint ("FAC").[2] (ECF No. 18.)

During a meeting on October 18, 2017, Plaintiff expressed concerns about Global's pasteurization process, but Gardner reassured Plaintiff that Global had successfully pasteurized hulled hemp seeds without causing any damage. (*Id.* at 6.) In November 2017, Plaintiff and Global entered into an oral contract where Global would pasteurize over 100,000 pounds of Plaintiff's chia and hulled hemp seeds, and then prepare and

---

[1] The Court has reviewed Plaintiff's opposition to the Motion. (ECF No. 22.)

[2] Defendants' motion to dismiss the initial complaint (ECF No. 15) is denied as moot because of Plaintiff's filing of the FAC (ECF No. 18).

1 | ship the finished product to Plaintiff's customers. (*Id.* at 2, 5.) On November 10, 2017,
2 | Global sent Plaintiff a Pasteurization Report ("Report") that outlined the pasteurization
3 | process, which Plaintiff again questioned. (*Id.* at 6.) In late November 2017, Gardner
4 | reassured Plaintiff that the temperature and duration utilized to sterilize the hemp seeds
5 | was appropriate. (*Id.* at 6.) On December 17, 2017, Global sent Plaintiff a Certificate of
6 | Analysis ("Certificate") of the steam pasteurization process for the hemp seeds, which
7 | purportedly presented a high reduction level of salmonella. (*Id.*) Neither the Report nor
8 | the Certificate disclosed the side effects of the pasteurization process, which ultimately
9 | resulted in oil leaking, clumping, molding, discoloring, reeking, and burning of the seeds
10 | (*Id.* at 4, 7-8.) In late 2017 and in 2018, Plaintiff discovered that Global damaged Plaintiff's
11 | chia and hulled hemp seeds, which Plaintiff's customers later rejected. (*Id.* at 4.) Although
12 | Plaintiff salvaged and sold most of the chia seeds, the hemp seeds were unsalvageable.
13 | (*Id.*)

Plaintiff alleges two claims against Global for breach of contract (first claim) and unjust enrichment and quantum meruit (fifth claim), and the remaining claims against both Defendants for fraudulent misrepresentation and concealment,[3] negligent misrepresentation and negligence. (*Id.* at 5-12.)

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

---

[3]"[T]he Nevada Supreme Court has never recognized an independent claim for relief for fraud in the concealment." *Giampa v. MidFirst Bank*, No. 2:17-cv-1208-MMD-CWH, 2017 WL 5196607, at *4 (D. Nev. Nov. 9, 2017); see *Olson v. Iacometti,* 533 P.2d 1360, 1364 (Nev. 1975) (stating that fraud in the concealment is a legal theory). Plaintiff's fraud claim appears to be based on both legal theories of concealment and intentional misrepresentation.

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Fraud claims must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." *See Glen Holly Entm't, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b).") The plaintiff must plead with particularity "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have

done anything wrong." *Id.* at 1108. However, when a plaintiff fails to plead fraud with particularity, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir. 1988).

## IV. DISCUSSION

For the reasons discussed below, the Court will deny the Motion as to Plaintiff's claims for breach of contract, unjust enrichment and quantum meruit, and grant the Motion as to Plaintiff's claims for negligence and fraudulent and negligent misrepresentation. However, the Court will grant Plaintiff leave to amend its fraud and negligent misrepresentation claims (as to only one alleged misrepresentation).

### A. Breach of Contract

Defendants contend that Plaintiff's contract claim fails to the extent Plaintiff seeks consequential damages, i.e. lost profits, storage costs, laboratory testing, etc. (ECF No. 20 at 3.) Consequential damages are damages that arise naturally from the breach of contract, are reasonably foreseeable at the time of the contract, and were in the contemplation of the parties when they made the contract. *See Verifone, Inc. v. A Cab, LLC*, No. 2:15-cv-157-GMN-GWF, 2015 WL 6443126, at *2 (D. Nev. Oct. 23, 2015); *Andrew v. Century Sur. Co.*, No. 2:12-cv-978-APG, 2014 WL 1764740, at *9 (D. Nev. Apr. 29, 2014).

Defendants claim that the parties did not contemplate the consequential damages that Plaintiff currently seeks (ECF No. 20 at 3), but the Court disagrees. In contract cases, an aggrieved party like Plaintiff may recover lost profits. *See Rd. & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 382 (2012). Furthermore, because the oral agreement required Global to ship the seeds to Plaintiff's customers in a condition ready for sale (ECF No. at 18 at 5), storage and transportation were foreseeable costs preceding sale. Given that Plaintiff had a duty to mitigate any damages caused by Global, laboratory testing would have also been a foreseeable cost for Plaintiff to find any salvageable

///

seeds. *See Conner v. S. Nevada Paving, Inc.,* 741 P.2d 800, 801 (1987) ("[A] party cannot recover damages for loss that he could have avoided by reasonable efforts.")

In sum, Plaintiff seeks consequential damages that were clearly within the contemplation of the parties at the time they entered into the contract. The Court therefore denies the Motion as to Plaintiff's first claim for relief. (ECF No. 18 at 5-6.)

**B. Unjust Enrichment and Quantum Meruit**

Defendants argue that Plaintiff's unjust enrichment and quantum meruit claims must be dismissed because such theory is premised upon the absence of an express contract, whereas here it is undisputed that an oral contract existed between the parties. (ECF No. 20 at 8.) But under Federal Rule of Civil Procedure 8(e)(2), Plaintiff is entitled to plead in the alternative "as many separate claims or defenses as [Plaintiff] has regardless of consistency and whether based on legal, equitable, or maritime grounds." *See George v. Morton,* No. 2:06-cv-1112-PMP-GWF, 2007 WL 680789, at *7 (D. Nev. Mar. 1, 2007) (denying motion to dismiss because plaintiff can plead quantum meruit or unjust enrichment in the alternative to his contract claim). The Court therefore denies the Motion as to Plaintiff's fifth claim for relief. (ECF No. 18 at 12.)

**C. Negligence**

Plaintiff seeks damages for (1) money it paid to Global for its services, (2) damaged seeds, (3) lost profit, (4) laboratory testing costs, (5) transportation costs, and (6) storage costs. (ECF No. 11 at 11-12.) Defendants assert and the Court agrees that Plaintiff's negligence claim is barred by the economic loss doctrine (the "Doctrine"). (ECF No. 20 at 7-8.)

Under Nevada law, purely "economic losses are not recoverable in negligence absent personal injury or damage to property other than the *defective entity itself.*" *24-7 Grp. of Companies, Inc. v. Roberts* (*24-7 Grp.*), No. 3:13-cv-211-MMD, 2014 WL 177664, at *4 (D. Nev. Jan. 13, 2014) (emphasis added) (citing to *Calloway v. City of Reno,* 993 P.2d 1259, 1263 (Nev. 2000)). A "purely economic loss" is defined as "the loss of the benefit of the user's bargain . . . including . . . pecuniary damage for inadequate value,

the cost of repair and replacement of the *defective product*, or consequent loss of profits, without any claim of personal injury or damage to *other property*." *Id.* at *5 (emphasis added) (citing to *Terracon Consultants W., Inc. v. Mandalay Resort Grp.* ("*Terracon*"), 206 P.3d 81, 83 (2009)).

While Plaintiff's first three damages are the sort of "purely economic loss[es]" prohibited by the Doctrine, Plaintiff counters that the Doctrine does not apply because Plaintiff seeks to recover property damage done to its hemp seeds (ECF No. 22 at 8). But mere allegation of property damage is insufficient because the hemp seeds are not some "other property" but are the very defective products at issue in this case (ECF No. 18 at 12.) *See 24-7 Grp.*, 2014 WL 177664, at *5. Because Plaintiff "[has] not alleged any personal injury or [other] property damage . . . the purpose of the [D]octrine is [further] served by its application" to Plaintiff's last three damages, "shielding Defendant[s] from unlimited liability in the . . . commercial setting." *Murray v. Provident Tr. Grp., LLC*, No. 2:18-cv-1382-MMD-GWF, 2019 WL 1779567, at *6 (D. Nev. Apr. 23, 2019) (citing to *Terracon*, 206 P.3d at 89). The Doctrine precludes Plaintiff's negligence claim, therefore the Court will dismiss Plaintiff's fourth claim for relief. (ECF No. 18 at 11-12.)

### D. Fraud and Negligent Misrepresentation

Plaintiff asserts that Global and specifically Gardner knowingly misrepresented that (1) Global had the necessary experience and skill to pasteurize the seeds without causing damage, (2) Global in fact did so for prior and existing clients, and (3) Global's pasteurization process would in fact not damage Plaintiff's seeds. (ECF No. 18 at 6-8.) Defendants assert that Plaintiff's fraudulent and negligent misrepresentation claims fail because they are predicated on Defendants' opinions—not actionable representations— regarding the value and quality of Global's pasteurization performance. (ECF No. 20 at 5-6.) The Court agrees with Defendants as to the first and third alleged misrepresentations.

A claim under fraudulent and negligent misrepresentation commonly require that a defendant made a false representation. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382,

6

1386 (Nev. 1998) (discussing fraud); *Bill Stremmel Motors, Inc. v. First Nat'l Bank of Nevada*, 575 P.2d 938, 940 (Nev. 1978) (discussing negligent misrepresentation). Defendants' "representations as to the reliability and performance of the [pasteurization process] constitute mere commendatory sales talk about [Global's performance] ('puffing')" and are "not actionable in fraud." *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (1992) (affirming summary judgment against a business that sued a telephone company for allegedly misrepresenting its phone system's performance and reliability); *see also DiMartini v. Purcell Tire & Rubber*, No. 3:09-cv-279-ECR-VPC, 2009 WL 10697342, at *7 (D. Nev. Dec. 14, 2009) (holding that "estimates and predictions regarding the outcome of a contract . . . do not constitute actionable misrepresentations that can support claims for intentional and *negligent misrepresentation*" (emphasis added)).[4] Nevertheless, Defendants' alleged representation that Global successfully pasteurized seeds for former and existing clients without damaging the seeds could constitute an actionable representation had Plaintiff alleged that the representation was in fact false. (ECF No. 6 at 14.) Plaintiff will be allowed to amend its Complaint only as to said representation, but the Court will dismiss Plaintiff's fraudulent and negligent misrepresentation claims as to Defendants' other two purported statements.

The Court also finds that Plaintiff's allegations for fraudulent concealment fall short of Rule 9(b)'s heightened pleading standard.[5] To establish fraudulent concealment, a plaintiff must prove five elements: (1) the defendant concealed or suppressed a material

---

[4] Moreover, a negligent misrepresentation claim cannot be based on a promise of future performance "because such a statement is either fraudulent, i.e., the person never held that intention at the time he made the statement, or it was not a misrepresentation at all, the person simply later failed to perform as promised." *Baroi v. Platinum Condo. Dev., LLC*, No. 2:09-CV-671-PMP, 2012 WL 2847919, at *2 (D. Nev. July 11, 2012) (quoting *Cundiff v. Dollar Loan Ctr. LLC,* 726 F.Supp.2d 1232, 1238 (D. Nev. 2010)).

[5] While Defendants only generally assert that Plaintiff's fraud claim fails Rule 9(b) and spends most of the Motion specifically discussing the fraudulent misrepresentation claim (ECF No. 20 at 4-6), the Court will still address deficiencies in Plaintiff's fraudulent concealment claim.

fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; and (5) the plaintiff sustained damages as a result of the concealment or suppression. *Leany v. San Diego Steel Holdings Grp., Inc.*, No. 2:15-cv-1349-MMD-CWH, 2018 WL 4113331, at *9 (D. Nev. Aug. 29, 2018).

Plaintiff alleges that Defendants concealed the negative side effects of Global's pasteurization process through the Report, Certificate "and verbally through meetings." (ECF No. 18 at 6-7.) But Plaintiff fails to allege how Defendants were under a duty to disclose such side effects, especially prior to the parties' oral agreement. Moreover, Plaintiff only makes vague references to meetings and communications it had with Defendants post-oral agreement. (*See* ECF No. 18 at 6-9.) *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (A plaintiff must plead with particularity "the who, what, when, where, and how of the misconduct charged." (internal quotation marks omitted)). To the extent Plaintiff alleges that "Global and Gardner were under a duty to disclose such facts unknown to plaintiff," the allegation is conclusory and insufficient. (ECF No. 18 at 8.) Such a duty may only arise in a fiduciary relationship or a special relationship "where the parties are involved in a transaction and the defendant knows material facts which are not accessible to the plaintiff . . . [or] where one party imposes confidence in the other because of that person's position, and the other party knows of this confidence." *Tai-Si Kim v. Kearney*, 838 F. Supp. 2d 1077, 1099-1100 (D. Nev. 2012) (citing to *Mackintosh v. Jack Matthews & Co.*, 855 P.2d 549, 553 (1993) and *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (1998), *overruled in part on other grounds* by *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (2001).). The Court will dismiss Plaintiff's vague and incomplete allegations as to fraudulent concealment, but Plaintiff will be afforded an opportunity to amend its Complaint and cure the deficiencies.

///

///

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendants' motion to dismiss the initial complaint (ECF No. 15) is denied as moot.

It is further ordered that Defendants' motion to dismiss the First Amended Complaint (ECF No. 20) is denied as to the breach of contract, unjust enrichment, and quantum meruit claims. Defendant's motion is granted as to the negligence, fraudulent misrepresentation and concealment, and negligent misrepresentation claims. Dismissal of the negligence claim is with prejudice. Plaintiff will be given leave to file an amended complaint to cure the deficiencies of only its fraudulent misrepresentation and concealment, and negligent misrepresentation claims as provided herein within 15 days of this order. Failure to file an amended complaint with this time frame will result in dismissal of these two claims with prejudice.

DATED THIS 20th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE