UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDSTORM, INC., <br> Plaintiff, <br> v. <br> GLOBAL STERILIZATION AND FUMIGATION, INC., *et al*. <br> Defendants. | Case No. 3:19-cv-00315-MMD-CLB <br><br> ORDER |

## I. SUMMARY

Defendant Global Sterilization and Fumigation, Inc. ("Global") agreed to pasteurize Plaintiff Brandstorm, Inc.'s chia and hull hemp seeds but allegedly damaged the seeds in the process. Plaintiff later filed this action against Defendants Global and its CEO Bryan Gardner. Before the Court is Defendants' motion to dismiss the Second Amended Complaint ("Motion").[1] (ECF No. 38.) For the reasons explained below, the Court will deny the Motion.

## II. BACKGROUND

The Court incorporates by reference the background section in its prior order (ECF No. 36 at 1-2) and does not recite it here. In that order, the Court denied Defendants' motion to dismiss the First Amended Complaint as to the breach of contract, unjust enrichment, and quantum meruit claims. (*Id.* at 9.) But the Court granted that motion as

---

[1]The Court has reviewed Plaintiff's Second Amended Complaint (ECF No. 37) and opposition to the Motion (ECF No. 39). Defendants' Motion also requests that the Court strike Plaintiff's fraud and negligent misrepresentation claims (ECF No. 38 at 3, 5), but Plaintiff must file this request in a separate motion to strike. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document" on the electronic filing system.) As such, the Court will not address Plaintiff's request (ECF No. 38 at 3, 5).

to the negligence, fraudulent misrepresentation and concealment, and negligent misrepresentation claims. (*Id.*) The Court granted Plaintiff leave to file an amended complaint to cure the deficiencies in only its claims for fraudulent misrepresentation and concealment, and negligent misrepresentation. (*Id.*)

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).
///

When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Fraud claims must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." *See Glen Holly Entm't, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b).") The plaintiff must plead with particularity "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1108. However, when a plaintiff fails to plead fraud with particularity, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir. 1988).

**IV.  DISCUSSION**

The Court found in its prior order that Defendants' alleged representation that Global successfully pasteurized seeds for former and existing clients without damaging the seeds could constitute an actionable representation had Plaintiff alleged that the representation was in fact false. (ECF No. 36 at 7 (citing to ECF No. 6 at 14).) As such, "Plaintiff [was] allowed to amend its Complaint only as to said representation." (*Id.*) Defendants concede that Plaintiff's SAC has sufficiently alleged falsity and therefore Plaintiff's fraudulent misrepresentation claim should be allowed to proceed. (ECF No. 39 at 5.) The Court agrees.

However, Defendants now move to dismiss Plaintiff's fraudulent concealment claim, and they argue that Gardner cannot be liable for Global's alleged torts. (ECF No. 38 at 1, 4-5.) For the reasons discussed below, the Court will deny the Motion.

3

**A. Fraudulent Concealment**

To establish fraudulent concealment, a plaintiff must prove five elements: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; and (5) the plaintiff sustained damages as a result of the concealment or suppression. *Leany v. San Diego Steel Holdings Grp., Inc.*, No. 2:15-cv-1349-MMD-CWH, 2018 WL 4113331, at *9 (D. Nev. Aug. 29, 2018). A party has a duty to disclose only in a fiduciary relationship or a special relationship "where the parties are involved in a transaction and the defendant knows material facts which are not accessible to the plaintiff . . . [or] where one party imposes confidence in the other because of that person's position, and the other party knows of this confidence." *Tai-Si Kim v. Kearney*, 838 F. Supp. 2d 1077, 1099-100 (D. Nev. 2012) (citing to *Mackintosh v. Jack Matthews & Co.*, 855 P.2d 549, 553 (1993) and *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (1998), *overruled in part on other grounds* by *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (2001).).

Defendants argue that Plaintiff fails to allege additional facts showing that Defendants had a duty to disclose (ECF No. 38 at 2-4).[2] Defendants further dismiss Plaintiff's allegations of a special relationship as conclusory and inapplicable here where Plaintiff and Global are "two commercial entities of equal bargaining strength."[3] (ECF No. 38 at 3-4.) To the contrary, Plaintiff has alleged sufficient facts showing a special relationship between the parties—the parties entered into an agreement to have Global sterilize hemp seeds; Defendants are and held themselves out as professional sterilizers, whereas Plaintiff was not; and Defendants knew that (1) Plaintiff's suppliers would send

---

[2]Defendants concede that Plaintiff has alleged additional facts to satisfy Rule 9(b)'s heightened pleading standards. (ECF No. 38 at 3.)

[3]Because Plaintiff admits that it "never pled that there was a 'fiduciary relationship' between it and defendants" (ECF No. 39 at 4), the Court will not address that issue.

4

1 their seeds directly to Global for pasteurization, (2) Global would be obligated to prepare the seeds for shipment to Plaintiff's customers, without Plaintiff's opportunity to inspect the seeds, and (3) Defendants damaged the seeds. (*See* (ECF No. 37 at 7; ECF No. 39 at 4-5.) *See Perry v. Jordan*, 900 P.2d 335, 337-38 (1995) (holding that store manager breached confidential relationship and oral agreement with owner—who had no experience or ability to manage the store—when manager abandoned the store). The parties therefore had a special relationship that imposed a duty on Defendants to disclose materials facts, including the fact that the seeds were damaged. As such, the Court will deny the Motion as to Plaintiff's fraudulent concealment claim.

## B. Personal Tort Liability

Defendants assert that Gardner cannot be held personally liable for Global's alleged torts or acts Gardner performed within his capacity as Global's president, therefore Plaintiff's allegations of fraud and negligent misrepresent fail as to Gardner. (ECF No. 38 at 5.) The Court disagrees. "[I]n Nevada, an officer of a corporation may be individually liable for any tort which he commits, and, if the tort is committed within the scope of employment, the corporation may be vicariously or secondarily liable." *Zuffa, LLC v. Pavia Holdings, LLC*, No. 2:10cv-1427-MMD-RJJ, 2012 WL 13048973, at *2 (D. Nev. Sept. 18, 2012) (citing to *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 689 (Nev. 1995)). Accordingly, the Court denies Defendant's Motion as to Plaintiff's claim for fraud and negligent misrepresentation against Gardner.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

///

///

///

1 | It is further ordered that Defendants' motion to dismiss the Second Amended
2 | Complaint (ECF No. 38) is denied.

4 | DATED THIS 26th day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE